UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTINA M. SCIFRES, MD,<br><br>         Plaintiff,<br><br> v.<br><br>COMMISSIONER, INDIANA DEPARTMENT OF HEALTH, in her official capacity, and INDIVIDUAL MEMBERS OF THE MEDICAL LICENSING BOARD OF INDIANA, in their official capacities,<br><br>         Defendants. | Case No. 1:24-cv-2262-RLY-MJD<br><br>STATEWIDE RELIEF SOUGHT |

## CASE MANAGEMENT PLAN

**I.** **Parties and Representatives**

  A. Plaintiff       Christina M. Scifres, MD

    Defendants     Commissioner, Indiana Department of Health, in her official capacity

              Individual Members of the Medical Licensing Board of Indiana, in their official capacities

  B. Counsel for Plaintiff  Libby Y. Goodknight, Atty. No. 20880-49
                Stephanie T. Eckerle, Atty. No. 27091-49
                Alexandra Wilson Pantos, Atty. No. 37003-49
                KRIEG DeVAULT LLP
                One Indiana Square, Suite 2800
                Indianapolis, Indiana  46204
                Telephone:  (317) 238-6315 (L. Goodknight)
                       (317) 238-6373 (S. Eckerle)
                       (317) 238-6353 (A. Wilson Pantos)
                Facsimile:   (317) 636-1507
                lgoodknight@kdlegal.com
                seckerle@kdlegal.com
                awilson@kdlegal.com

                                              Marc T. Quigley, Atty. No. 21054-53
                                              KRIEG DeVAULT LLP
                                              12800 North Meridian Street, Suite 300
                                              Carmel, Indiana  46032
                                              Telephone:  (317) 566-1110
                                                                      (317) 238-6262 (M. Quigley)
                                              Facsimile:  (317) 636-1507
                                              mquigley@kdlegal.com

Counsel for Defendants    Jefferson Garn, Atty. No. 18857-49
                                              Stephanie M. Davis, Atty. No. 37619-41
                                              Grace Slaney, Atty. No. 39015-49
                                              Office of Attorney General Todd Rokita
                                              Indiana Government Center South, 5th Floor
                                              302 West Washington Street
                                              Indianapolis, Indiana  46204-2770
                                              Telephone:  (317) 232-5933 (Garn)
                                                                      (317) 232-2491 (Davis)
                                                                      (317) 232-2729 (Slaney)
                                              Facsimile:  (317) 232-7979
                                              Jefferson.Garn@atg.in.gov
                                              Stephanie.Davis@atg.in.gov
                                              Grace.Slaney@atg.in.gov

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.**     <u>**Jurisdiction and Statement of Claims**</u>

      A.     The Court has subject matter jurisdiction over this claim because it raises the federal question of whether a federal statute and its regulations preempt state law.

      B.     Plaintiff states this is a preemption case in which Plaintiff seeks declaratory and preliminary and permanent injunctive relief to resolve a conflict between state and federal law. Pursuant to Indiana Code section 16-34-2-5 (the "TPR Statute"), every physician who performs an abortion in Indiana must submit a terminated pregnancy report ("TPR") to the Indiana Department of Health. The TPR Statute says these TPRs are used for investigative or law enforcement purposes, namely, to aid in the enforcement of Indiana's laws governing when a physician can legally provide abortions within the state. However, on April 26, 2024, the Department of Health and Human Services ("HHS") promulgated the HIPAA Privacy Rule to Support Reproductive Health Care Privacy ("Reproductive Health Care Privacy Rule"), which amends the federal regulations under the Health Insurance Portability and Accountability Act ("HIPAA") and limits when a physician may disclose an individual's protected health information ("PHI") related to reproductive health care. The Reproductive Health Care Privacy Rule

        prohibits disclosure of any PHI where that information could be used to investigate, impose liability on, or identify "any person for the mere act of seeking, obtaining, providing, or facilitating reproductive health care." 45 C.F.R. § 164.502(a)(5)(iii)(A). Where there is an express conflict and incompatibility between state law and federal law, federal law preempts state law. Because HIPAA and the Reproductive Health Care Privacy Rule preempt the TPR Statute, Dr. Scifres initiated this action for declaratory and preliminary and permanent injunctive relief. Dr. Scifres's Complaint and Motion for Preliminary Injunction ask for statewide relief.

    C.    Defendants state that plaintiff seeks relief in this case based on a misinterpretation of the HHS rule promulgated in April 2024. There is no clear conflict between Indiana's TPR statute and the HHS rule—any investigation by a state entity is not because someone sought legal care. Further, the HHS rule, as already determined by a federal court, is unlawful under the Administrative Procedures Act. Finally, the case is not ripe and the court should abstain from deciding the case under the *Younger* doctrine.

## III.    Pretrial Pleadings and Disclosures

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **February 25, 2025**.

    B.    Plaintiff shall file preliminary witness and exhibit lists on or before **March 4, 2025**.

    C.    Defendants shall file preliminary witness and exhibit lists on or before **March 11, 2025**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **April 4, 2025**.

    E.    Plaintiff shall serve Defendants (but not file with the Court) a settlement proposal on or before **March 4, 2025**. Defendants shall serve on the Plaintiffs (but not file with the Court) a response thereto **within 21 days after receipt of the demand**. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Dinsmore at MJDinsmore@insd.uscourts.gov.

    F.    If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.

        Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

    G.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

    H.    Neither party anticipates seeking the production of a substantial volume of electronically stored information ("ESI"). A claw back provision was included in the Stipulated Protective Order entered by the Court on January 24, 2025. [Doc. 28.]

## IV.    Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

    A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

        Plaintiff believes this case is appropriate for summary judgment. The case presents the purely legal question of whether a particular federal law preempts state law.

        Defendants believe that this case is likely appropriate for summary judgment. The case will primarily turn on questions of law including whether the court should abstain under *Younger*, whether the case is ripe, whether the HHS rule is lawful, and whether there is a conflict between Indiana law and the HHS rule.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

    B.    On or before **August 1, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

    C.    Select the track that best suits this case:

        __ X __ Track 2:

        **Plaintiff's Position:** Dispositive motions are expected and shall be filed by **August 25, 2025**; all discovery shall be completed by **July 25, 2025**.

        **Defendants' Position:** Dispositive motions are expected and shall be filed by **November 24, 2025**; all discovery shall be completed by **October 23, 2025**.

        <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.**    <u>**Pre-Trial/Settlement Conferences**</u>

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in June 2025.**

**VI.**    <u>**Trial Date**</u>

The parties believe it is likely that the case will be resolved on summary judgment, but if the case is not resolved by the Court's order, the parties will request a trial date after such an order is issued.

**VII.**    <u>**Referral to Magistrate Judge**</u>

    A.    **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

    B.    **Motions**. The parties do not consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.

Dated: February 13, 2025

Respectfully submitted,

| | |
|---|---|
| Libby Y. Goodknight | Theodore E. Rokita |
| Libby Y. Goodknight, Atty. No. 20880-49 | Indiana Attorney General |
| Stephanie T. Eckerle, Atty. No. 27091-49 | Attorney No. 18857-39 |
| Alexandra Wilson Pantos, Atty. No. 37003-49 | |
| KRIEG DeVAULT LLP | Jefferson Garn |
| One Indiana Square, Suite 2800 | Jefferson Garn |
| Indianapolis, Indiana  46204 | Deputy Attorney General |
| Telephone:  (317) 636-4341 | Attorney No. 29921-49 |
| Facsimile:   (317) 636-1507 | Office of Attorney General Todd Rokita |
| lgoodknight@kdlegal.com | Indiana Government Center South, 5th Floor |
| seckerle@kdlegal.com | 302 West Washington Street |
| awilson@kdlegal.com | Indianapolis, Indiana 46204-2770 |
| | Phone:  (317) 232-5933 |
| Marc T. Quigley, Atty. No. 21054-53 | Fax:  (317) 232-7979 |
| KRIEG DeVAULT LLP | Email:  Jefferson.Garn@atg.in.gov |
| 12800 North Meridian Street, Suite 300 | |
| Carmel, Indiana  46032 | *Attorney for Defendants Commissioner,* |
| Telephone:  (317) 566-1110 | *Indiana Department of Health, in her official* |
| Facsimile:   (317) 636-1507 | *capacity, and Individual Members of the* |
| mquigley@kdlegal.com | *Medical Licensing Board of Indiana, in their* |
| | *official capacities* |
| *Attorneys for Plaintiff* | |
| *Christina M. Scifres, MD* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER. |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**